Alvaro **MARTINEZ,** Plaintiff–
Appellant,

v.

**WAWONA FROZEN FOODS,** a California Corporation; **Container Corporation of America,** a business, form unknown; **SNORCCA,** a business, form unkown; **Speed Aire,** a business, form unknown; **Black Corporation; White Corporation,** Defendants–Appellees.

No. 05–16225.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed Aug. 21, 2007.

Timothy V. Magill, Esq., Magill Law Offices, Fresno, CA, for Plaintiff–Appellant.

884

Lowell T. Carruth, Esq., McCormick Barstow Sheppard, Wayte & Carruth, LLP, Fresno, CA, for Defendants–Appellees.

Before: KLEINFELD and THOMAS, Circuit Judges, and BURGESS *, District Judge.

MEMORANDUM **

Appellant was injured when his hands were burned in a heat-sealing machine. The primary issue before the Court is whether there is a genuine issue of material fact on the question whether Appellee Jefferson Smurfit Corporation, formerly known as Container Corporation of America (collectively "Smurfit"), manufactured, designed or placed into the stream of commerce the machine that injured Appellant. The lower court entered summary judgment in favor of Smurfit, concluding that Smurfit produced affirmative evidence that the injury-producing machine was not a Smurfit machine and that Appellant failed to meet his burden of raising a genuine issue of fact that the machine was a Smurfit machine. Appellant appeals this determination, several evidentiary rulings, and the denial of his motions for reconsideration. After carefully considering the evidence, we affirm.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. In cases predicated upon products liability, a plaintiff must identify the manufacturer of the product and establish a causal relationship between the injury and the product.[1] Smurfit produced declarations of two long-term Smurfit employees establishing that it did not manufacture, design, install, repair or sell the injury-producing machine. Both employees articulated specific differences between the Smurfit machine and the injury-producing machine and concluded that the injury-producing machine was not designed, manufactured, installed, repaired or sold by Smurfit.

Appellant had the burden of raising a genuine issue of material fact on the question whether the injury-producing machine was a Smurfit machine, and he failed to do so. Appellant relied primarily upon the testimony of Robert Maskell, which established at best that the injury-producing machine was similar in form and function to the Smurfit machine, but not that Smurfit actually manufactured the machine. Since the lower court did not abuse its discretion in excluding the declarations of James Flynn because they lacked foundation,[2] and Appellant has presented no other evidence sufficient to raise a genuine issue of material fact, we affirm.

We also affirm the lower court's denial of Appellant's post-trial motions. It was not an abuse of discretion for the lower court to conclude that Appellant's

* The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Sindell v. Abbott Labs.*, 26 Cal.3d 588, 597–98, 163 Cal.Rptr. 132, 607 P.2d 924 (Cal. 1980) ("[A]s a general rule, the imposition of liability depends upon a showing by the plaintiff that his or her injuries were caused by the act of the defendant or by an instrumentality under the defendant's control").

2. *United States v. Various Slot Machines on Guam,* 658 F.2d 697, 700 (9th Cir.1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts").

efforts to depose the Smittcamps did not constitute new evidence because the opportunity to depose the Smittcamps had long been present and Appellant was given ample time to pursue the necessary discovery. We therefore affirm the district court's denial of the motion to continue, the motion for reconsideration based on new evidence, and the motion for a new trial. Finally, since Appellant's spoliation argument was not properly raised below, we decline to consider it for the first time on appeal.[3]

AFFIRMED.

**3.** "This Court will not review an issue not raised or objected to below unless necessary to prevent manifest injustice, or unless the issue not objected to in the district court is one of law and does not affect or rely upon the factual record." *City of Phoenix v. Com/Systems, Inc.,* 706 F.2d 1033, 1038 (9th Cir.1983) (citations omitted). Neither circumstance is present in this case.